UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK RONALD DALTON, #446308,

        Petitioner,

                                      CASE NO. 2:11-CV-10545
v.                                  HONORABLE SEAN F. COX

DEBRA SCUTT,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

       This is a habeas case brought pursuant to 28 U.S.C. § 2254.  Petitioner Mark Ronald Dalton, a state prisoner currently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, asserts that he is being held in violation of his constitutional rights. Petitioner raises claims concerning his competency and the effectiveness of counsel as to an entrapment issue.  For the reasons stated herein, the Court concludes that Petitioner has not properly exhausted his state court remedies as to his second habeas claim and dismisses without prejudice the petition for a writ of habeas corpus.  The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

**II.    Facts and Procedural History**

       On February 5, 2009, Petitioner pleaded guilty to 10 counts of using the internet or a

computer to commit a crime, MICH. COMP. LAWS § 750.145d(2), in the Oakland County Circuit Court in exchange for dismissal of a second habitual offender enhancement and an agreement that he would be sentenced within the guidelines. On April 6, 2009, the trial court sentenced him to 7 to 20 years imprisonment on one count and to concurrent terms of 4 to 10 years imprisonment on the other nine counts.

Following sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals asserting that: (1) his due process rights were violated because the trial court failed to sua sponte determine whether he was competent to enter his plea, and (2) he was denied the right to meaningful allocution due to a lack of competency. The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *People v. Dalton*, No. 293337 (Mich. Ct. App. Sept. 10, 2009) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court raising those same two claims, as well as new claims that: (1) he was entitled to present an entrapment defense, (2) he was denied the effective assistance of trial counsel, and (3) he was denied the effective assistance of appellate counsel. The Michigan Supreme Court denied leave to appeal in a standard order. *People v. Dalton*, 485 Mich. 1081, 777 N.W.2d 179 (Jan. 29, 2010). The Michigan Supreme Court also denied reconsideration. *People v . Dalton*, 486 Mich. 904, 780 N.W.2d 821 (April 27, 2010).

Petitioner dated the present petition on February 7, 2011. He raises the following claims:

I.  The Petitioner was heavily drugged during the entire proceeding thereby incompetent to stand trial or plea – He simply didn't understand.

II. Ineffective assistance of appellate counsel i.e. entrapment by government officials – Entrapment is a means to reach a legal end by unlawful means.

**III.   Analysis**

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  A Michigan prisoner must first present each issue he seeks to raise on habeas review to the state courts.  The claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts.  *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*).  The claims must also be presented as federal constitutional issues.  *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).  Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement.  *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  The burden is on the petitioner to prove exhaustion.  *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies.  He admits, and the documents attached to his petition reflect, that he did not present his second habeas claim concerning the effective assistance of counsel and entrapment to the Michigan Court of Appeals and first raised such issues before the Michigan Supreme Court.  His presentation of those claims to the Michigan Supreme Court on discretionary review does not satisfy the exhaustion requirement.  *See Castille v. Peoples*, 489 U.S. 346, 349 (1989).  Petitioner has thus failed to properly exhaust all of his habeas claims in the state courts before proceeding on federal habeas review.

Generally, a federal district court should dismiss a "mixed" petition for writ of habeas corpus, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies).

A federal court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on his perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). However, stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner has available remedies in the Michigan courts which must be exhausted before proceeding in federal court. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and then pursue his unexhausted

issues in the state appellate courts as necessary.

Additionally, the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner as long as he pursues his state court remedies in a prompt fashion. The one-year period did not begin to run until 90 days after the conclusion of direct appeal, *see Lawrence v. Florida*, 549 U.S. 327, 333 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000); SUP. CT. R. 13(1), on or about July 27, 2010. The one-year period then ran until February 7, 2011 when Petitioner dated his federal petition for mailing. Accordingly, more than five months of the one-year period remains. While the time in which his habeas case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by the Court. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The one-year period will also be tolled while any properly filed state post-conviction or collateral actions are pending. *See* 28 U.S.C. § 2244(d)(2); *see also Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Given that more than five months of the one-year period remains, Petitioner has sufficient time in which to fully exhaust his issues in the state courts and return to federal court should he wish to do so. A stay is unnecessary.

Petitioner has also not shown good cause for failing to fully exhaust his claims in the state courts, *i.e.*, by filing a motion for relief for judgment, before proceeding in federal court on habeas review. Moreover, his unexhausted claims appear to concern matters of federal law which may warrant further consideration. Those claims should be addressed to, and considered

by, the state courts in the first instance.

Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). If this Court were to review Petitioner's unexhausted claims, such an action would deny the state courts the deference to which they are entitled. The state courts must first be given a fair opportunity to rule upon all of Petitioner's claims before he litigates them in this Court. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

## IV.     Conclusion

For the reasons stated, the Court concludes that Petitioner has not fully exhausted his state court remedies as to the claims contained in his petition. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. Should Petitioner wish to delete the unexhausted claims and proceed only on his fully exhausted claim concerning his competency, he may move to re-open this case and amend his petition to proceed only on the exhausted claim within 30 days of the filing date of this order. The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of

reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

    **IT IS SO ORDERED.**

Dated: March 15, 2011                   S/ Sean F. Cox
                                                    Sean F. Cox
                                                    U. S. District Court Judge

I hereby certify that on March 15, 2011, the foregoing document was served upon counsel of record by electronic means and upon Mark Ronald Dalton by First Class Mail at the address below:

Mark Dalton #446308
G. Robert Cotton Correctional Facility
3500 N. Elm Road
Jackson, MI 49201


Dated: March 15, 2011                   S/ J. Hernandez
                                                    Case Manager